# GRAFTON,

## JANUARY TERM, A. D. 1849.

### RANDLET *v.* HERREN.

If a creditor receive of his debtor the promissory note of another, the burden is upon the debtor to show that such note was received in payment of the debt; but it is sufficient if he show that the parties so intended, without an express agreement.

If one pay money in consideration of the promise of the other party, he may, upon the failure of the latter to keep his promise, consider the contract as rescinded, and, in an action for money had and received, recover what he has advanced.

In such case the party rescinding must offer to restore any thing he may have received, before bringing the action.

ASSUMPSIT. The first count was for money had and received, under which the plaintiff specified a note, dated on or about the second day of April, 1842, for $48.72, payable to the plaintiff, or order, on demand, with interest. Also, an account, viz:

June 8, 1842. Amount of Russell & Randlet's note, received as cash,                                        $7.08

Cash paid you for note of Dr. Moore, which was of no value, and which you agreed to take back, the amount of which you agreed to refund,                             56.14

—————

$63.22

The second count was for money had and received. Plea, the general issue. The defendant objected that the plaintiff should have declared specially, stating the matters

in the specification; and that he could not give the evidence to prove them when stated in this manner. But the objection was overruled by the court. It appeared in evidence that on the eighth day of June, 1842, the plaintiff held a note against the defendant, dated the second day of April, 1842, signed by the defendant, and payable to the plaintiff, for the sum of $48.72. On the same eighth day of June the defendant held a note made by Adams Moore, for $56, payable to the defendant, or order, indorsed it in blank, and delivered it to the plaintiff, who gave up to the defendant the note for $48.72, and also gave him a note for $7.08, the amount of the difference between the two notes. The defendant contended that these facts constituted a payment of his note to the plaintiff. The plaintiff alleged that it was a part of the consideration for the exchange of the notes, that the defendant should covenant to become answerable for Moore's responsibility. The defendant alleged that evidence of that fact was incompetent, because it contradicted the indorsement, or varied its legal effect. But the court ruled that it was admissible. The question for the jury was whether the defendant's note had been paid; and upon this point evidence was introduced by both parties.

The court instructed the jury that the exchange of notes, and the giving of the note for $7.08, by the plaintiff, for the amount of the difference between them, and its subsequent payment by the plaintiff, did not of themselves constitute a payment of the defendant's note; that there must have been an express agreement or understanding between the parties that the one should give and that the other should receive the $56 note in payment of the defendant's note, in order to constitute a payment of it; that the law did not require the use of any particular language to constitute the agreement. That is, the defendant need not say to the plaintiff, " I give you this note in payment," nor need the plaintiff say, " I receive it in pay-

ment,'' but that any language which conveyed that idea would be sufficient. And farther, that such an agreement might be proved by the circumstances attending the transaction. And if the jury believed, from the circumstances under which the exchange was made, that there was an express agreement that the $56 note should be received in payment of the defendant's note, they should find for the defendant. After the above instruction was given to the jury, the counsel for the defendant moved the court to instruct the jury as follows : 1. That if they find that the defendant did indorse and deliver to the plaintiff Moore's note of $56, and receive of the defendant therefor the note of $48.72, signed by the defendant to the plaintiff, and a note of $7.08 as the difference, signed by the plaintiff to the defendant, and that nothing was said by either how the exchange was to be considered by them, it was payment, and the defendant was only liable as indorser of the $56 note. 2. That if the parties intended to make the exchange of notes a payment of the $48.72 note, it was payment, although no express agreement was made by them to that effect, or if nothing was said by either how it should be understood, more especially as the plaintiff's note to the defendant of $7.08 was long afterwards paid by the plaintiff to the defendant, and that the jury should infer from these facts that the exchange was a payment of the $48.72 note. But the court did not so instruct the jury.

It was in evidence that Adams Moore filed his petition to be declared a bankrupt, on the second day of February, 1843, and received his discharge in bankruptcy on the twenty-ninth day of June following. His assets produced a dividend of about 10 per cent. upon his debts, which was paid to his creditors. And there was evidence that he had been in possession of some property since his discharge. The defendant contended that the action could not be maintained, because the plaintiff did not, before the commencement of the suit, offer to deliver Moore's

note to the defendant, but the court ruled that such an offer was unnecessary.

A question was made at the trial, whether Moore, before he went into bankruptcy, was in the possession of property sufficient to enable the plaintiff to secure the $56 note by attachment. Upon this point John Farr testified that in the month of February, 1843, an execution against Moore was delivered to him as a deputy sheriff, with directions to levy it upon all the property of Moore that he could find; that he levied it upon certain property which he described particularly, and stated that he could find only that and nothing more; that he sold the property thus levied upon, which brought not far from twenty dollars, as near as he could remember. The defendant objected that Farr should not be allowed to state from his memory what the property sold for; but that the return of the sale upon the execution was the only competent evidence.

Evidence was offered by the plaintiff, tending to prove that the note of Moore was received by him and delivered by the defendant only as security for his debt, and not as payment of it; and he introduced a witness who testified that the defendant told him he had agreed to make the note good, or to take it back, or words to that effect. The defendant contended that the above evidence was not admissible under the pleadings in the case, but that the plaintiff should have declared specially, in order to avail himself of that testimony. But the court admitted the evidence.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside on account of the omission of the court to instruct the jury according to his motion, and of the other rulings above stated.

*Bellows*, for the plaintiff.

*Goodall & Morrison*, for the defendant.

GILCHRIST, C. J. The plaintiff seeks in this action, which is assumpsit for money had and received, to recover a sum of money due upon a note for $48.72, payable to the plaintiff, or order, on demand, with interest from the second day of April, 1842. He also seeks to recover back $7.08, which he paid the defendant for the difference between the first named note and the note of Adams Moore, which was unavailable in his hands, and not paid according to the stipulation of the defendant. In other words, he seeks to recover $7.08, which he paid the defendant in consideration of an undertaking which the defendant did not keep and perform.

In the first place, the authorities are clear that a promissory note is evidence under a count for money had and received.

It is also a settled maxim that one who has paid money in advance upon a contract which the other party refuses to keep, may at his option sue upon the contract specially, or consider it rescinded, and recover back the money he has paid. *Stevens* v. *Cushing*, 1 N. H. 18; *Danforth* v. *Dewey*, 3 N. H. 79; *Luey* v. *Bundy*, 9 N. H. 298.

It would, therefore, seem that the evidence was applicable to the count.

As to the effect of receiving the note of Moore, in exchange for that of the defendant which was delivered up to him, it is well settled that the act of itself does not constitute a payment of the defendant's note; but that the burden is upon him to show that the parties intended that the transaction should have that effect. *Holmes* v. *D' Camp*, 2 Johns. 33; *Jaffrey* v. *Cornish*, 10 N. H. 505.

All, however, that he is required to prove is, that the parties to the act intended by it that the note of Moore should be given and received in payment of the note of the defendant. The court, therefore, erred in denying the defendant's motion for specific instructions to the jury to that effect.

If the note of Moore was not given and received as payment of that of the defendant, the latter remained unpaid, and evidence of money had and received by the defendant for the plaintiffs' use. There was, therefore, no need that the note of Moore should be re-delivered to the defendant as a preliminary to bringing and maintaining the action for the amount due upon the defendant's note.

The sum of seven dollars and eight cents, paid by the plaintiff as the difference between the two notes, rests upon different grounds. It is necessary in rescinding a contract to return whatever may have been received upon it, before any action founded on such rescission can be maintained.

The evidence introduced to show the value of Moore's property was correctly admitted. The sum that it brought might well have been proved by any one that knew. It was not a fact to be proved by a record, which is kept for a wholly different purpose.

For the misdirection of the court in the two particulars named, the verdict must be set aside, and a

*New trial granted.*